## CRITES v. RADTKE et al.

District Court, S. D. New York.

Nov. 8, 1939.

Neblett, Warner & MacDonald and J. Calvin Brown, all of Los Angeles, Cal., for plaintiff.

Leonard Day, of New York City, for defendants Albert A. Radtke and Radtke Patents Corporation.

Robert W. Perkins, Stephen H. Philbin, and Joseph D. Karp, all of New York City, for defendants Thomas J. Martin, United Research Corporation, etc.

Henry Turin, of New York City, for defendant Leonard Day.

CONGER, District Judge.

The plaintiff has moved for an order setting aside the judgment herein and granting a new trial in the above-entitled cause, and for a change of judge pursuant to Judicial Code Section 20, U.S.C.A. Title 28, Section 24, on the grounds that Honorable Mortimer W. Byers, United States District Court Judge, who heard and determined the matter herein involved, has been now disqualified by reason of his pecuniary interest in the subject matter of the action.

The case was tried in the United States District Court for the Southern District of New York before Judge Byers without a jury. The trial opened on March 23, 1939, and evidence closed on April 18, 1939. Briefs were filed and the cause submitted

on June 13, 1939. The court announced its decision on July 6, 1939.

There is little, if any, dispute on the facts involved in this controversy.

On the day before the trial ended (April 17, 1939) there was testimony by one of the witnesses which indicated that the Radio Corporation of America had an interest in licenses and rights which had been granted to various persons by the defendant, Radtke Patents Corporation; and when this testimony was brought out the court stated:

"The Court: Now just a minute. The Radio Corporation is not a party to this suit, is it?

"Mr. Turin: It is not, your Honor.

"The Court: Does the bill seek to have that particular license rescinded?

"Mr. Turin: I don't think the bill of complaint or the amended bill of complaint mentioned Radio Corporation of America.

"The Court: I mention the subject, and I wish you would give it careful attention. I think I own something like 20 shares of Radio Corporation stock that were issued as a dividend on General Electric stock. Now it is possible that that disqualifies me in this case. I hadn't heard Radio Corporation mentioned, I think, until a few minutes ago.

"Mr. Brown: We will make no objection even if you do own stock in any of the companies."

There was other colloquy and discussion, a portion of which will be quoted hereafter. It appears that Judge Byers was owner of 20 shares of Radio Corporation of America stock, and owner of 100 shares of common stock of the General Electric Company which he had held since 1932.

■ The plaintiff now contends that this pecuniary interest of Judge Byers renders the judgment in the case void, and that neither waiver nor consent can give it validity. I am satisfied that this is not the correct rule, either under the Federal law or under the common law. A judgment is not void because of pecuniary interest of the judge, and such interest can be waived. Utz & Dunn Co. v. Regulator Co., 8 Cir., 213 F. 315; Owens v. Dancy, 10 Cir., 36 F.2d 882; In re Fox West Coast Theatres, D.C., 25 F.Supp. 250, affirmed 9 Cir., 88 F.2d 212.

The question now resolves itself as to whether or not the plaintiff waived whatever rights he might have had to remove the case from the judge trying it, by reason of the ownership of the aforesaid shares of stock. As appears before, when the mention, for the first time, of the interest of the Radio Corporation of America in the suit was disclosed to the judge, he stated that he did own 20 shares of the Radio Corporation stock, which was issued as a dividend of his General Electric stock. At that time, after this long trial, Mr. Brown stated: "We will make no objection even if you do own stock in any of the companies." It should be noted at this time that neither Radio Corporation of America, nor General Electric Company were defendants in this action.

The Mr. Brown quoted above, was J. Calvin Brown, one of the attorneys for plaintiff on the original bill of complaint, and on the amended bill of complaint, and it also appears that he participated actively in the trial. There was no dissent from any of his associates engaged in the trial.

■ I am satisfied from the language used by Mr. Brown and from further discussion between the court and other counsel for the plaintiff, that they intended at that time to waive any rights which they might have by reason of any ownership of stock by Judge Byers. That is borne out by the further conduct of the plaintiff and his attorneys.

During the discussion Judge Byers stated: "Well, I won't do anything rash about it. I think it would be unfortunate if counsel and the parties were put to another trial merely on so insubstantial a ground as that. Suppose we understand that I will not disqualify myself before the end of the trial, and either party would be at liberty to urge anything on the subject that seems to be appropriate."

The actual trial ended on April 18, 1939, and plaintiff filed an opening and closing brief, in neither of which was the disqualification of Judge Byers urged or discussed; and it should be borne in mind that the final briefs were not presented to Judge Byers until June 13, 1939. During all this time, a period of nearly two months, plaintiff knew and had actual knowledge, at least, that Judge Byers owned Radio Corporation of America stock. The question of disqualification of Judge Byers was not raised until after a decision, adverse to plaintiff, had been rendered. I can only conclude from the express words of one of plaintiff's attorneys, and by subsequent quiescence of plaintiff and his attorneys, that they never intended to raise the disqualification of Judge Byers, but, as a matter of fact, by

their express language, they waived whatever rights the plaintiff might have had.

■ It is apparent that plaintiff's attorney intended to and did waive whatever rights the plaintiff had, in open court and that the plaintiff, who was in court, acquiesced and is bound by the waiver expressly made.

While it is not necessary for the decision of this motion it might be well to point out the fair mindedness, on this matter, of Judge Byers. It appears by a certificate filed herein by Judge Byers, that in a short time after the trial (on May 10, 1939) he sold his Radio Corporation of America stock, and received $122 for it. It also appears from the said certificate that during the trial there was no statement or suggestion that the General Electric Company had any licenses or rights with respect to the Radtke Patents Corporation, and that he never heard of any such connection until he had read copies of plaintiff's motion dated the 12th day of August, 1939.

The motion of plaintiff is denied. Settle order on notice.